IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL J. KOFSKY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| SANDEL LAW FIRM ) | |
| And ) | |
| SANDEL LEGAL GROUP, LLC ) | |
| And ) | |
| KEVIN SANDEL ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR FEDERAL, STATE AND COMMON LAW
TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND
CANCELLATION OF FEDERAL TRADEMARK REGISTRATION**

Plaintiff, Joel J. Kofsky (hereinafter "Plaintiff"), for its Complaint against defendants, Sandel Law Firm, Sandel Legal Group, LLC and Kevin Sandel (collectively hereinafter "Sandel" or "Defendants") alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff's first, second, and third claims arise under the Trademark Act of 1946 (the "Lanham Act"), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, et seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 and 1338(a) and (b) (trademark and unfair competition), and 15 U.S.C. §§ 1119 and 1121 (Lanham Act). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. The Court has personal jurisdiction over Defendants because Defendants transact business in Philadelphia County, Pennsylvania by way of online advertisements.

3. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) because as provided herein, a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## PARTIES

4. Plaintiff is an individual having maintained a principal place of business at 1500 John F. Kennedy Boulevard, Suite 550 Philadelphia, PA 19102.

5. Defendant Sandel Law Firm is an Ohio professional corporation having its principal place of business at 3250 W. Market Street, Suite 103 Akron, OH 44333.

6. Defendant Sandel Legal Group, LLC is a domestic limited liability company having its principal place of business at 753 Kensington Way Copley, OH 44321.

7. Upon information and belief, Defendant Kevin Sandel is an individual residing at 753 Kensington Way, Copley, OH 44321.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff, through his personal injury law firm, represents victims of various negligence actions across Pennsylvania.

9. Plaintiff has developed a reputation of high quality and consistent work on behalf of his clients.

10. Plaintiff also is the owner of U.S. Trademark Registration No. 5,611,499 for "We Win or It's Free" (hereinafter "We Win").

11. The We Win registration was registered by the United States Patent and Trademark Office on April 9, 2018. The We Win registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. §1065.

12. The We Win trademark was first used in commerce by Plaintiff at least as early as December of 2011 and has been used continuously since that time. As a result of the long-term use and promotion of the We Win trademark, the We Win trademark (and Plaintiff's business) has developed substantial goodwill and Plaintiff has acquired valuable common law rights in the We Win trademark.

13. The We Win trademark registration is highly valued by Plaintiff, and Plainitff has taken extensive measures to preserve and protect the substantial and valuable business goodwill that is represented by the We Win trademark rights, all in order to ensure that its rights with respect to its intellectual property are not infringed upon, and to ensure that its business goodwill is protected to the full extent of the law.

14. The We Win trademark rights are distinctive and serve to identify and indicate the source of Plaintiff's services provided to the public.

15. The We Win trademark rights have acquired distinctiveness through Plaintiff's long-term use and promotion of the marks and the services rendered under the mark.

16. As a result of this long-term use and promotion of the We Win trademark rights, the public in Pennsylvania widely recognizes and associates the We Win trademark rights with Plaintiff, its licensees, and/or their services.

**Defendants' Unauthorized Use of the Plaintiff's Mark**

17.     Notwithstanding Plaintiff's rights in the We Win Mark, Defendants, who collectively own and operate a personal injury law firm, without Plaintiff's authorization or permission, adopted and used the trademark in its advertising, social media, blog posts, and various media verticals to promote its business.

18.     Defendants have unlawfully used Plaintiff's Mark on various platforms.

19.     In 2024, Defendants, without Plaintiff's authorization or permission, adopted and used, the trademark in its advertising, social media, blog posts, and various media verticals to promote its business.



20.     Defendants continue to use Plaintiff's Mark without Plaintiff's authorization or permission on the internet.

4



21. At no time between Defendants' initial usage of the Trademark and present has Defendants obtained permission or been authorized to use Plaintiff's Mark in its advertising or other public posts.

22. Defendants' unlawful activities have resulted in significant damage to Plaintiff and, unless restrained by this Court, will continue to result in unjust enrichment to Defendants and serious and irreparable harm and injury to Plaintiff. Moreover, Defendants' unlawful activities have lessened and diluted the Plaintiff's Mark and, unless restrained by this Court, will continue to lessen, and dilute the strength and distinctiveness of the We Win trademark rights.

23. Plaintiff has no adequate remedy at law.

**Defendants' Trademark Infringement and Unfair Competition**

24. Defendants regularly conducts business and advertisements in Philadelphia, Pennsylvania from which it promotes its services using the We Win mark.

5

25. Defendants' use of the trademark is likely to confuse consumers into believing that Plaintiff is the law firm providing services being offered by Defendants, or that Plaintiff sponsors or is in some way affiliated with Defendants.

26. Defendants' unlawful activities have resulted in significant damage to Plaintiff and, unless restrained by this Court, will continue to result in unjust enrichment to Defendants and serious and irreparable harm and injury to Plaintiff, and are likely to cause prospective clients to be confused as to the source of the services being offered by Defendants, or cause consumers to believe that Defendants are affiliated with Plaintiff, or that Plaintiff sponsors or endorses Defendants' services.

27. Defendants' unlawful activities have lessened and diluted Plaintiff's mark, and unless restrained by this Court, will continue to lessen and dilute, the strength and distinctiveness of Plaintiff's Mark.

28. Defendants' actions as alleged herein have caused and will cause Plaintiff irreparable harm for which money damages and other remedies are inadequate. Unless Defendants are restrained by this Court, it will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to Plaintiff, by, among other things:

    a. Depriving Plaintiff of its statutory rights to exclusive use and control use of its trademark rights;

    b. Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing services;

c. Causing the public falsely to associate Plaintiff with Defendant and/or the services Defendant provides;

d. Causing incalculable and irreparable damages to Plaintiff's goodwill and diluting the capacity of its We Win trademark to differentiate Plaintiff's services from others.

29. Accordingly, in addition to other relief sought, Plaintiff is entitled to preliminary temporary and permanent injunctive relief against Defendant and all persons acting in concert with it.

## COUNT 1
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114; Lanham Act § 32(1))

30. Plaintiff repeats and realleges the allegations of paragraphs 1 - 28 of the Complaint as though fully set forth herein.

31. Plaintiff is the owner of the We Win trademark rights, including the federal registration that has been set forth above.

32. Defendants' unauthorized use and registration of the We Win trademark is likely to cause confusion, mistake, and/or deception as to the source, sponsorship or approval by Plaintiff of Defendants' services. The public is likely to believe that Defendants' services originate with Plaintiff, are licensed by Plaintiff, or are sponsored by, connected with, endorsed by, or related to Plaintiff.

33. Defendants' unauthorized use and registration of the We Win trademark constitutes a commercial use in interstate commerce.

34. Defendants' acts constitute federal trademark infringement in violation of Plaintiff's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Defendants' acts are in violation of 15 U.S.C. §1114.

36. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

37. Defendants' unlawful acts will continue to cause irreparable injury to Plaintiff unless enjoined. Accordingly, in addition to other relief sought, Plaintiff is entitled to preliminary, temporary and permanent injunctive relief.

## COUNT 2
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125; Lanham Act § 43(a))

38. Plaintiff repeats and realleges the allegations of paragraphs 1 - 36 of the Complaint as though fully set forth herein.

39. Plaintiff is the owner of common law rights in the We Win trademark.

40. The acts of Defendants complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or its licensees of the We Win trademark rights, or as to the origin, sponsorship or approval of Defendants' services, or commercial activities and the services, or commercial activities of any others who have license arrangements with Defendants and mistake as to the affiliation, connection, and association of Plaintiff and Defendants and those who have license arrangements with Defendants.

41. Defendants' unauthorized registration and use of the We Win trademark constitutes a commercial use in interstate commerce.

42. Plaintiff is the owner of the We Win trademark rights, including common law rights as set forth above.

43. Defendants' actions constitute unfair competition, false designation of origin, palming off, and false description or representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer, substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

45. Defendants' unlawful acts will continue to cause irreparable injury to Plaintiff unless enjoined. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## COUNT 3
## COMMON LAW TRADEMARK INFRINGEMENT

46. Plaintiff repeats and realleges the allegations of paragraphs 1 – 44 of the Complaint as though fully set forth herein.

47. Plaintiff is the owner of common law rights in the We Win trademark.

48. The acts of Defendants complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' services, or commercial activities and the services, or commercial activities of any others who have license arrangements with Defendants and mistake as to the affiliation, connection, and association of Plaintiff and Defendant and those who have license arrangements with Defendants.

49. Defendants' actions constitute trademark infringement in violation of the common law of the state of Pennsylvania.

50. Defendants' unlawful past and proposed future actions are profiting and will profit Defendants and are causing and will cause Plaintiff monetary damages and injury in amounts which cannot be accurately computed at this time.

51. Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiff unless enjoined.

52. Plaintiff is entitled to injunctive relief, to an award of its actual damages, including its attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant it the following relief:

a. That legal process issue as provided by law;

b. Adjudge that Plaintiff's trademark has been infringed by Defendants in violation of Plaintiff's rights under common law, Section 32 of the Lanham Act, 15 U.S.C. § 1114, and applicable Pennsylvania common law;

c. Adjudge that Defendants' activities have constituted unfair competition in violation of Plaintiff's rights under common law, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and applicable Pennsylvania law;

d. Adjudge that Defendants and its officers, directors, members, managers, agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, be enjoined and restrained at first during the pendency of this action and then thereafter permanently from using of Plaintiff's We Win trademark rights in connection with its business, whether used in connection with internet-based advertising, promotional, or informational activity, or whether printed in hard copy, or in any other format;

  e. that Plaintiffs have judgment entered in their favor and against Defendants under each of the Counts 1 through 3 set forth above in the Complaint;

  f. that Defendants be ordered, pursuant to 15 U.S.C. § 1118, to deliver up and destroy all labels, packages, brochures, wrappers, advertisements, blogs, promotions and all other matter in the custody or control of Defendants bearing any Mark or name that is confusingly similar to or likely to dilute Plaintiff's We Win trademark rights;

  g. that Defendants be ordered to pay all statutory damages in the maximum amount permitted under the Lanham Act;

  h. that Defendants be ordered to account for and pay over to Plaintiff all damages sustained by Plaintiff and all profits obtained by Defendants as a result of its infringement and unfair competition;

  i. that any award of damages and/or profits awarded Plaintiff be increased as appropriate pursuant to 15 U.S.C. 1117(a);

  j. that Plaintiff be awarded its reasonable attorney fees, costs, expenses, and interest pursuant to 15 U.S.C. § 1117(a) and other applicable law; and

  k. that Plaintiff be awarded such other relief as the Court may deem just and proper.

            LAW OFFICES OF JOEL J. KOFSKY

Date:  September 29, 2025    By:_____
            Joel J. Kofsky, Esq.
            1500 John F. Kennedy Boulevard, Suite 550
            Philadelphia, PA 19102